UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>BALDEMAR VALENCIA,<br>    Defendant. | Case No. 5:15-cr-00481-EJD<br><br>**ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>Re: Dkt. No. 211 |

Before the Court is Defendant Valencia's motion to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255. ("Mot."), Dkt. 211. Defendant argues for a reduction to his sentence because he allegedly received ineffective assistance of counsel. Specifically, Defendant argues that his counsel failed to request (1) a 2-level reduction under the U.S. Sentencing Guidelines' "safety valve" provisions and (2) a 2-level reduction for being a "minor participant." On May 8, 2018, the Government filed a response to Defendant's motion. United States' Response to Def.'s Motion ("Response"), Dkt. 272. Because Defendant chose not to pursue a "safety valve" credit and was not prejudiced by a failure to argue for a "minor participant" reduction, Defendant's motion is **DENIED**.

**I.  BACKGROUND**

    **A. Factual Background**

Defendant was indicted on October 8, 2015 and charged with conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and possession with intent to distribute 500 grams or more of methamphetamine. Indictment, Dkt. 9, 1:1–11, 3:15–4:2. These

Case No.: 5:15-cr-00481-EJD
ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, REMAND, OR CORRECT SENTENCE

1

charges were supported by the facts subsequently set forth in the Presentence Investigation Report. Presentence Investigation Report ("PSR"), Dkt. 143. Defendant provided methamphetamine to a drug trafficking organization ("DTO"). PSR ¶ 17, 22, 63. Defendant communicated with the DTO regarding delivery times and pricing. PSR ¶ 21. On August 4, 2015, Defendant was arrested after a traffic stop during which officers discovered a non-factory compartment built into Defendant's vehicle containing $28,970 in U.S. currency and methamphetamine weighing approximately 13.6 pounds. PSR ¶ 50–51. On the same date, agents searched Defendant's residence and found additional drug paraphernalia and $60,500 in U.S. currency. PSR ¶ 52–53, 94.

## B. Procedural History

Defendant pled guilty on July 6, 2016. Dkt. 106. Defendant did not dispute the information set forth in the PSR, nor the sentencing guidelines calculation contained therein. Defendant's Sentencing Memorandum, Dkt. 145, 1:24–2:2. A sentencing hearing was conducted where Defendant and his counsel were present. Transcript of Sentencing Proceedings ("Transcript"), Dkt. 272-1, 2:6–16. Defendant was sentenced to 144 months of imprisonment. Sentencing, Dkt. 148.

## II. LEGAL STANDARD

Ineffective assistance of counsel is found when such representation (1) falls below an objective standard of reasonableness and (2) prejudices the defendant. *Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984). Addressing both components is unnecessary if one is insufficiently demonstrated. *Id.* at 697. The objective standard "remains simply reasonableness under prevailing professional norms." *Id.* at 688. This depends on whether assistance of counsel "was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "A strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" exists such that a court's "scrutiny of counsel's performance must be highly

Case No.: 5:15-cr-00481-EJD
ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, REMAND, OR CORRECT SENTENCE

2

deferential." *Strickland*, 466 U.S. at 689. The second standard requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In a case involving a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

### III. DISCUSSION

#### A. Safety Valve Credit

Defendant chose not to pursue a "safety valve" credit. Transcript 9:15–25. It was clear that Defendant could take advantage of the safety valve credit. *See* Transcript 9:12–14. However, Defendant's attorney represented to the Court that "given the reality of threats . . . [Defendant]'s afraid that if he were even debriefed, he would place his family in danger." This representation was made in open court in the presence of Defendant with a court certified translator. Transcript 2:14–15. The Defendant elected not to pursue a "safety valve" credit with the knowledge that it was an available option. This did not constitute ineffective assistance of counsel.

#### B. Minor Participant Adjustment

Federal sentencing guidelines allow the possibility for a 2-level reduction in the sentence for someone who was a minor participant in the criminal activity. U.S.S.G. § 3B1.2(b). "The determination whether to apply . . . subsection (b) . . . is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment. (n.3(C)). "[A] defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline." U.S.S.G. § 3B1.2, comment. (n.3(A)).

Defendant was indicted for one count of 21 U.S.C. § 846 – Conspiracy to Possess with

Case No.: 5:15-cr-00481-EJD
ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, REMAND, OR CORRECT SENTENCE

3

Intent to Distribute and to Distribute Methamphetamine and two counts of 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute. Indictment, Dkt. 9, 1:1–11, 3:15–4:2. These charges were supported by evidence that Defendant communicated with the DTO about delivery times and pricing and provided the DTO with methamphetamine. PSR ¶ 17, 21, 22, 63. As such, Defendant's participation was not limited to only transporting or storing drugs. Therefore, Defendant did not qualify for a minor participant reduction. It follows that Defendant's counsel did not render ineffective assistance by not pursuing a minor participant adjustment.

## IV. CONCLUSION

Defendant has not met his burden under *Strickland* or *Hill*. He has thus failed to state a claim for ineffective assistance of counsel. Accordingly, Defendant's Motion to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 9, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cr-00481-EJD
ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, REMAND, OR CORRECT SENTENCE

4